EASTERN DIST.
*April*, 1839.

MUNICIPALITY
NO. TWO
*vs.*
CURELL ET AL.

MUNICIPALITY NO. TWO *vs.* CURELL ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

Where a contract of lease stipulates that the lessee shall pay all the state, parish and city taxes, and keep the *side walks* in repair, it cannot be construed to extend to the payment of the expenses of making the pavement in front of the leased premises.

When the city ordinances provides that the owners shall be taxed for the exclusive purpose of *paving the streets* and making the *side walks* in front of their property, the lessee cannot be required to pay this expense, unless he expressly binds himself to do so in his contract of lease.

This is an action by the Second Municipality, to recover the sum of one thousand five hundred and *forty dollars* and forty-five cents, for taxes due for paving certain property, owned and leased by the late Dr. Heermann to one Parks, for twenty years, and by him assigned to the defendants, R. and J. Curell, in 1827.

The facts of this case are fully stated by the district judge, in the following judgment :

" The question presented to the court in this case, is, whether the proprietors of certain property in the Second Municipality, or the lessee of said property, are bound to pay the expense of paving the street in front of the same ?

" The 2672d article of the Civil Code declares, that taxes and other dues imposed upon the property leased, shall be at the charge of the proprietor and not of the lessee, where there is no stipulation to the contrary. The obligation of the parties, however, are different in this particular instance. The following is a clause, in both leases under consideration : " (The lessee) will reimburse the lessor, his heirs, etc., on demand, at his proper cost and expense, and without deduction from the rents or otherwise, all the state, parish and city taxes, when due, which may be annually levied on said premises, and on all the buildings which shall be put and erected on the same, during said lease : and shall, also, at his proper cost and expense, preserve and keep in good repair, according to the municipal and other regula-

tions of the city, the side walks and banquets by which said
property is bounded.'

"There is no doubt that the present charge is a tax, but it is not a tax annually levied. It is an extraordinary imposition, which does not enter into the sense of the clause just recited. That such was the understanding of the parties, is shown by the insertion of a separate agreement respecting the cost of side walks, and banquets or gutters. If the cost of making the side walks and gutters were included in the present demand, I would certainly condemn R. and J. Curell to pay that cost, but I perceive by the bills annexed to the petition, that such is not the fact. The bills appear to have been originally made out with two items, one for paving the street or carriage way, the other for making the side-walk and gutter. The second charge has been stricken out, and the first alone is left. I do not think the lessee has assumed the obligation of paying this charge, and without such stipulation in his contract, the law plainly charges the lessor.

"It is said that the Curells are to be considered as proprietors for twenty years : this cannot be conceded ; the contract has every feature of a lease, and is so styled in express terms. The lessee mortgages certain buildings, to be by him erected, it is true : upon those buildings the lessor would have had, by the nature of the contract, a lien of a higher nature than a mortgage. But I consider this stipulation of mortgage, as inserted through abundant precaution.

"It is, therefore, adjudged and decreed, that the Municipality No. Two, recover of the widow and heirs of Lewis Heermann, fifteen hundred and forty-four dollars and forty-five cents, and for interest at the rate of eight per centum per annum, from the 3d day of May, 1837, until paid, with costs of suit ; and that the defendants, R. and J. Curell, be discharged from this action, at costs of plaintiff. And it is further ordered, that the judgment against Heermann's widow and heirs, be privileged upon the property described in the petition."

From this judgment, Heermann's widow and heirs appealed.

EASTERN DIST.
*April*, 1839.

MUNICIPALITY
NO. TWO
*vs.*
CURELL ET AL.

*L. C. Duncan* and *Caswell*, for the appellants, contended that the claim of the Municipality was a tax, which by the terms of the lease, the lessees were bound to pay.     *Oakey* vs. *Mayor et al.*, 1 *Louisiana Reports*, 1.

*Haines, contra.*

*Rost, J.*, delivered the opinion of the court. .

The original defendants in this suit are in possession of town lots situated in Municipality No. 2, under a twenty years lease, which contains the following clause : "The lessee will, also, at his proper cost and expense, and without deduction from the rents or otherwise, reimburse the lessor, on demand, and repay all the state, parish, and city taxes, which may annually be levied on said premises, and on all the buildings and improvements which shall be put and erected on the same during this lease, and shall at his proper cost and expense preserve and keep in good order and repair, according to the municipal and other ordinances, or police regulations of the city, the yard, wells and privies, as also the boundary walls, or fences, and the side-walks and gutters, by which the said property is bounded."

The council of the municipality caused the streets upon which these lots front, to be paved, and claimed from the said defendants one third of the cost of paving, in conformity with the ordinances in that case made and provided. The defendants denied their liability to pay, under the stipulations of the lease, and called the lessees in warranty. The lessees answered and alleged, that the expenses assessed by the plaintiffs, for the paving of streets, was a tax which the defendants were bound to pay, under their contract. The District Court dismissed the original defendants, and gave judgment in favor of the plaintiffs, against the lessees ; considering themselves aggrieved by the judgment, they appealed.

The amount of the plaintiffs' claim is admitted to be just, and the only question which this cause presents is, whether the clause of the lease which we have related, amounts, in

Where a contract of lease stipulates that the lessee shall pay all the state, parish and city taxes, and keep the side walks in repair, it cannot be construed to extend to the payment of the expenses of making the pavement in front of the leased premises.

favor of the lessee, to an exception of the general law, which otherwise makes him liable in such cases.

In 1827, five years before the date of the lease, the city council passed an ordinance, by which they imposed an annual tax, for twenty years, on all the owners of lots in the city and faubourgs of New-Orleans, for the exclusive purpose of paving the streets, and making side-walks in front of their property. By that ordinance, those before whose property the pavement was not made, were only required to pay after the execution of the work. This ordinance was in force in 1832, and we must presume that both parties to this lease were apprised of it. The lessee binds himself, at his cost and expense, to preserve and keep in good order and repair, according to the municipal and other ordinances, or police regulations of the city, the yard, wells and privies, as also the boundary walls and fences, and the *side-walks and gutters*, by which the property is bounded.

It appears to us, that where an ordinance existed, laying a tax for paving streets, and *making side-walks*, the mention of side-walks in the lease excludes the idea that the lessee would also be bound to pay for the paving of the streets. This charge was not considered by the parties to the contract as a tax annually levied, otherwise it would have been unnecessary to mention that the expense of making the side-walks should be paid by the lessee. Under the ordinance already referred to, it was only payable annually for twenty years, when the parties did not choose to pay in cash or to give notes with eight per cent. interest. The plaintiffs, by a subsequent ordinance, have repealed that part of the ordinance of 1827 which allows from one to twenty years, and now require the whole amount to be paid in ninety days after the work is done, or notes, endorsed, at six, twelve, eighteen, and twenty-four months, bearing eight per cent. interest.

We consider, that this charge was not viewed by the parties, at the time of the lease, as a tax which might annually be levied on the premises: that from its nature it could

EASTERN DIST.
*April*, 1839.

MUNICIPALITY
NO. TWO
*vs.*
CURELL ET AL.
When the city ordinances provide, that the owners shall be taxed for the exclusive purpose of paving the streets and making the side walks in front of their property, the lessee cannot be required to pay this expense unless he expressly binds himself to do so in his contract of lease.

EASTERN DIST,  not be so considered, and that it falls properly upon the
*April*, 1839.  owner of the property.

RLANCHET     The point made by the appellants, that the lessee has a
*vs.*        twenty years estate in the property, and must during that
MUNICIPALITY
NO. TWO.     time be considered as the owner, cannot be sustained under
our laws.   The contract is a lease, and not a sale ; it would
be void as a sale for want of a price.   The length of time for
which it is to last cannot affect the rights of the parties under
it ; and it could be dissolved, as other contracts, for neglect
of either party to fulfil his engagements.   The judgment of
the District Court must be affirmed.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.